UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**PETER SEARS PENROSE,**

    **Plaintiff,**

    v.

**HYATT HOTELS CORPORATION, et al.,**

    **Defendants.**

Case No. 2:14-cv-744
**JUDGE GREGORY L. FROST**
**Magistrate Judge Norah McCann King**

## OPINION AND ORDER

This matter is before the Court for consideration of the following filings:

(1) a motion to dismiss or, in the alternative, to transfer venue (ECF No. 25) filed by Defendant Hyatt Hotels Corporation ("Hyatt");

(2) a motion to dismiss (ECF No. 27) filed by Defendant Greenville Health Systems "Greenville");

(3) a motion to dismiss (ECF No. 29) filed by Defendant The Carolina Center for Behavioral Health ("The Carolina Center");

(4) a memorandum in opposition (ECF No. 31) filed by Plaintiff, Peter Sears Penrose;

(5) a reply memorandum (ECF No. 34) filed by Hyatt;

(6) a motion to dismiss (ECF No. 36) filed by Defendant Universal Health Services, Inc. ("Universal");[1] and

(7) a memorandum in opposition (ECF No. 38) filed by Penrose.

---

[1] The motion indicates that it is on behalf of both "Universal Health Services, Inc." and "Universal Health Services, Inc., of King of Prussia, P.A.," the names by which Penrose has identified the same entity in various filings. (ECF No. 36, at Page ID # 267.)

For the reasons that follow, the Court **GRANTS** the motion to dismiss filed by Hyatt (ECF No. 25), **DENIES** the motions of The Carolina Center and Universal as moot (ECF Nos. 29, 36), **DISMISSES WITHOUT PREJUDICE** the claims against The Carolina Center and Universal, and **GRANTS** the motion to dismiss filed by Greenville (ECF No. 27).

### I. Background

According to the operative complaint, Plaintiff, Peter Sears Penrose, was staying at a Hyatt hotel in South Carolina in July 2010. A dispute arose concerning an alleged error on his bill on July 5, 2010, and Penrose was unable to resolve the issue. He returned the next day to pay his bill, but unexplained events allegedly left him feeling stressed. Penrose asserts that he intended to leave the hotel and take a taxi to a hospital so that he could be examined, but that Hyatt employees did not permit this. A Hyatt parking lot attendant called an ambulance for Penrose. Before the ambulance arrived, the police approached Penrose outside the hotel concerning an alleged report by Hyatt that Penrose was a trespasser. When the ambulance arrived, the police spoke with the ambulance personnel. Penrose alleges that he then entered the ambulance, at which point he was restrained and "perhaps" forcibly medicated. (ECF No. 33, at page ID # 245.) Penrose was transported to Greenville's hospital, where he asserts he was forcibly medicated and given a brain scan instead of a heart scan. Penrose alleges that he was kept overnight and then transported to The Carolina Center, a Universal facility, where he was kept under involuntary commitment until his discharge on July 17, 2010.

In July 2014, Penrose initiated this action. He alleges that Hyatt, Greenville, and Universal engaged in a conspiracy to deprive him of his due process and equal protection rights, which in addition to causing him various physical and mental complications, resulted in a July 2,

2

2014 denial of his right to bear arms.[2] All of the defendants have filed motions to dismiss. (ECF Nos. 25, 27, 29, 36.) Briefing has closed on these motions, which are ripe for disposition.

## II. Discussion

### A. Hyatt (ECF No. 25)

Hyatt seeks dismissal on the grounds that Penrose has failed to state claims against the hotel upon which this Court can grant relief. This Federal Rule of Civil Procedure 12(b)(6) argument requires the Court to construe the operative complaint in the light most favorable to Penrose, accept all of that pleading's factual allegations as true, and determine whether the factual allegations present plausible claims. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007). The United States Supreme Court has explained, however, that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Consequently, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

To be considered plausible, a claim must be more than merely conceivable. *Twombly*, 550 U.S. at 556; *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548

---

[2] The *pro se* operative complaint consists of three counts, with Count I presenting claims against Hyatt, Count II presenting claims against Greenville, and Count III presenting claims against Universal. That pleading also contains a Count IV in which Penrose asks this Court to examine a South Carolina statute and "do all in [this Court's] power to make it lawful under our well-reasoned Constitution." (ECF No. 33, at Page ID # 247.) Count IV therefore fails to present an actual claim, leaving only the first three counts and any claims they present for disposition.

(6th Cir. 2007).  This means that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  The factual allegations of a pleading "must be enough to raise a right of relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. *See also Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008).

Relying on the foregoing standard, Hyatt argues that dismissal of all of the claims against it is warranted.  Hyatt presents a number of arguments targeting claims potentially asserted in the operative complaint; the hotel argues in the alternative because the *pro se* pleading is generally unclear.  Penrose's briefing casts some light on what specific claims he intended to assert in this litigation, however, and this Court accepts that he is asserting claims under 42 U.S.C. § 1983 and 42 U.S.C. § 1985.[3]

Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.  Thus, in order to prevail against Hyatt, Penrose must show that, while acting under color of state law, Hyatt deprived him of a right secured by the Federal Constitution or laws of the United States.  *See Alkire v. Irving*, 330 F.3d 802, 813 (6th Cir. 2003).

---

[3] Hyatt correctly argues in its motion to dismiss that if Penrose intended to assert state law claims for false arrest and civil conspiracy, these claims are time-barred.  Penrose disputes application of any statute of limitations in his memoranda in opposition, which might suggest that he is proceeding under state law but for his specific invocation of and reliance upon § 1983 and § 1985 in his briefing.  (ECF No. 31, at page ID # 239.)

Hyatt argues that it is entitled to dismissal because it is a private entity and not a state actor, which means it cannot be held liable under § 1983.  This is because a plaintiff may not proceed under § 1983 against a private party if the private party did not act under color of law. *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003).

Three tests exist for determining whether a private entity should be regarded as a state actor under § 1983.  Under the first test, the public function test, "the court generally conducts an historical analysis to determine whether the private party has engaged in actions traditionally reserved to the state." *Id.* at 593.  The Sixth Circuit has explained that where, as here, a plaintiff fails to provide any historical argument or analysis, " 'this failure alone renders this test inapplicable.' " *Id.* (quoting *Ellison v. Garbarino*, 48 F.3d 192, 196 (6th Cir. 1995)).  Penrose has not pled any factual allegations that point to the applicability of this test to Hyatt's alleged conduct.  Operating a hotel is not traditionally a power reserved for the state.

The second test, the state compulsion test, also fails to support Penrose's claim.  This test "requires 'proof that the state significantly encouraged or somehow coerced the private party, either overtly or covertly to take a particular action so that the choice is really that of the state.' " *Dubuc v. Green Oak Twp.*, 482 F. App'x 128, 132 (6th Cir. 2012) (quoting *Am. Postal Workers Union, Local 96 v. City of Memphis*, 361 F.3d 898, 905 (6th Cir. 2004)).  Similar to the first test, however, where a plaintiff has failed to introduce evidence that the state encouraged or coerced the private entity to undertake the action complained of, the plaintiff has failed to satisfy the test. *Id.*  Penrose has failed to plead any factual allegations that even suggest such evidence here.

This leaves the third test, the nexus test.  That test "requires a sufficiently close relationship (*i.e.*, through state regulation or contract) between the state and the private actor so

5

that the action taken may be attributed to the state." *Ellison*, 48 F.3d at 195. The Sixth Circuit has explained the contours of the test as follows:

> Under the nexus test, "the action of a private party constitutes state action when there is a sufficiently close nexus between the state and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the state itself.' " [*Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992)]. The cases establish no clear standard for identifying a "sufficiently close nexus." Rather, the Supreme Court reminds us that "readily applicable formulae may not be fashioned" for finding state action in civil rights cases; such a finding "can be determined only in the framework of the peculiar facts or circumstances present." *Burton v. Wilmington Parking Authority*, 365 U.S. 715, 726, 81 S.Ct. 856, 6 L.Ed.2d 45 (1961); *see also* [*Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 939, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982)] (calling the state action determination a "necessarily fact-bound inquiry").

*Lansing v. City of Memphis*, 202 F.3d 821, 830 (6th Cir. 2000). Hyatt correctly points out that Penrose has failed to plead any factual allegations that Hyatt has a relationship of any sort with a state actor.

Section 1983 mandates that Hyatt be a state actor or be so closely aligned with the state that Hyatt is akin to a state actor. Because Penrose has failed to plead any factual allegations that even suggest that Hyatt falls within the scope of the statute, his § 1983 claim against Hyatt is not plausible and its dismissal is warranted.

Hyatt's briefing implicitly raises an attack on the § 1985 claim as well. Hyatt repeatedly points out that Penrose has failed to plead facts indicating that it acted in concert with anyone. This contention leads to recognition that Penrose has failed to plead the most fundamental components of a conspiracy claim under § 1985.

The Sixth Circuit has explained that

6

> [t]o prove a conspiracy under section 1985, a plaintiff must show that (1) the defendants conspired together for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws; (2) the defendants committed an act in furtherance of the conspiracy which caused injury to person or property or a deprivation of any right or privilege of a citizen of the United States; and (3) the conspiracy was motivated by racial, or other class-based, invidiously discriminatory animus.

*Baseball at Trotwood, LLC v. Dayton Prof. Baseball Club, LLC*, 204 F. App'x 528, 539 (6th Cir. 2006) (citing *Bass v. Robinson*, 167 F.3d 1041, 1050 (6th Cir.1999)).  A conspiracy under § 1985, by its very nature, requires that two or more persons or entities conspire.  *Hull v. Cuyahoga Valley Joint Vocational Sch. Dist. Bd. of Educ.*, 926 F.2d 505, 509 (6th Cir. 1991). Penrose has not pled factual allegations suggesting a conspiracy but has presented only conclusory allegations.  This is insufficient because "conspiracy claims must be pled with some degree of specificity and . . . vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim." *Guindon v. Twp. of Dundee, Mich.*, 488 F. App'x 27, 39 (6th Cir. 2012) (quoting *Ctr. for Bio-Ethical Reform, Inc. v. City of Springboro*, 477 F.3d 807, 832 (6th Cir. 2007)).  Thus, where, as here, a plaintiff has failed to plead factual allegations suggesting that defendants conspired or that the asserted conspiracy was motivated by a discriminatory animus, then a court should dismiss the § 1985 claim.  *See, e.g., Newell v. Brown*, 981 F.2d 880, 886 (6th Cir. 1993) (affirming the district court's decision to dismiss a § 1985 claim unaccompanied by allegations of "class-based discriminatory animus").  Because Penrose's pleading fails to state a plausible claim under § 1985, dismissal of this claim is also appropriate.

Because Hyatt has prevailed on the state actor ground and because Penrose has failed to plead any facts presenting an actionable conspiracy, Hyatt is entitled to dismissal of the claims

against it.  The Court need not and does not address Hyatt's moot alternative arguments for dismissal or transfer of Penrose's claims.  This Court **GRANTS** Hyatt's motion to dismiss.  (ECF No. 25.)

      B.   The Carolina Center (ECF No. 29) & Universal (ECF No. 36)

Both The Carolina Center and Universal have filed motions to dismiss predicated on the grounds that Penrose's *pro se* pleading fails to present any claims upon which this Court can grant relief.  The premise of these motions is that the pleading is so confusing, it fails to assert actual claims and it would be improper assistance by the Court to construe the pleading as asserting any specific claims.  This Court need not address the merits of this argument, however, because dismissal is warranted based on Penrose's violation of an Order by the Magistrate Judge.

On July 7, 2014, Penrose filed his initial complaint in which he named The Carolina Center as a defendant.  (ECF No. 1.)  The next day, Penrose filed an amended complaint; this pleading contained various changes, but did not name any additional defendants.  (ECF No. 2.)  The docket fails to indicate that either pleading was ever served on The Carolina Center, which raised the failure of service issue in a motion to dismiss.  (ECF No. 10, at Page ID # 110.)  On September 4, 2014, Penrose filed a motion for leave to amend to add Universal, which he described as doing business as The Carolina Center.  (ECF No. 16.)  In a September 30, 2014 Order, the Magistrate Judge granted the motion and expressly advised Penrose that the claims against "Universal Health Services, Inc., of King of Prussia, PA, d/b/a The Carolina Center for Behavioral Health of Greer, SC" would "be dismissed if [the defendant] is not served with process within 120 days."  (ECF No. 17, at Page ID # 141.)

On October 8, 2014, Penrose filed a document that purported to add "Universal Health

Services, Inc., of King of Prussia, PA, d/b/a the Carolina Center for Behavioral Health of Greer, SC" to the first amended complaint. (ECF No. 18.) Two things then happened on that same day: one, a summons issued to Universal Health Services, Inc. (ECF No. 19), and two, the Magistrate Judge struck Penrose's filing because it was not a proper pleading and could not effectuate the addition of Universal Health Services, Inc. (ECF No. 21). Recognizing Penrose's *pro se* status, the Magistrate Judge explained in that Order the elements of a proper pleading and the effect of an amended pleading, in addition to providing Penrose with another deadline for filing a proper second amended complaint.

Penrose filed that amended complaint on October 15, 2014, but he did not name Universal as a defendant. (ECF No. 23.) The next day, Penrose filed a motion to amend his second amended complaint to add Universal. (ECF No. 24.) On October 29, 2014, The Carolina Center filed another motion to dismiss in which it again raised the failure to effectuate service issue. (ECF No. 29.) The Magistrate Judge then granted Penrose's motion to amend on November 25, 2014. (ECF No. 32.) This resulted in the filing that day of a third amended complaint, which is incorrectly titled as a second amended complaint and which serves as the operative pleading in this litigation. (ECF No. 33.) This last pleading names Hyatt, Greenville, and Universal as defendants. Several weeks later, on December 15, 2014, an executed summons was returned indicating that Universal Health Services, Inc. had been served on December 1, 2014. (ECF No. 35, at Page ID # 266.) This summons had apparently issued on November 14, 2014. (*Id.*, at Page ID # 265.)

This convoluted pleading history and the documents involved lead to several conclusions.

In regard to The Carolina Center, the Court concludes that Penrose has never served that

9

entity. Additionally, the operative complaint—the November 25, 2014 pleading—does not even name The Carolina Center as a defendant. Assuming *arguendo* that Penrose seeks to assert any claims against The Carolina Center, he has at least failed to effectuate service by every deadline throughout this litigation. This violates the Magistrate Judge's September 30, 2014 Order, which warned Penrose that his claims against "Universal Health Services, Inc., of King of Prussia, PA, d/b/a The Carolina Center for Behavioral Health of Greer, SC" would be dismissed if he did not serve that entity within 120 days. (ECF No. 17, at Page ID # 141.) Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** any claims against The Carolina Center. This dismissal renders The Carolina Center's motion to dismiss moot. (ECF No. 29.)

In regard to Universal, the Court concludes that Penrose has also never served that entity. The only return of summons that appears on the docket for Universal is on December 15, 2014, for a summons issued on November 14, 2014. (ECF No. 35.) It is unclear what pleading was served with the summons, but the November 14, 2014 date suggests the immediately preceding amended complaint filed on October 15, 2014, the only pleading for which a summons could properly issue at that time because the Magistrate Judge had not yet approved of the filing of the next amended pleading. (ECF No. 23.) This means that Penrose at best served Universal on December 1, 2014, with a pleading that had become moot upon the filing of his November 25, 2014 amended complaint. (ECF No. 33.) The Magistrate Judge warned Penrose that failure to effectuate timely service on Universal would result in dismissal of his claims against that entity. (ECF No. 17, at Page ID # 141.) The Court therefore **DISMISSES WITHOUT PREJUDICE** any claims against Universal. This dismissal renders Universal's motion to dismiss moot. (ECF No. 36.)

### C. Greenville (ECF No. 27)

Greenville seeks dismissal on multiple grounds, including the fact that it has not been properly served. Under Federal Rule of Civil Procedure 12(b)(5), a defendant can move for dismissal based on insufficient service of process. Another judicial officer in this District has explained the issues arising from such a motion:

> A plaintiff has the duty of serving the summons and complaint in accordance with Rule 4 and within the time allowed by Rule 4(m). Fed. R. Civ. P. 4(c)(1). *See also* Fed.R.Civ.P. 4(m) (requiring a court to dismiss without prejudice an action against a defendant if that defendant is not served within 120 days after the complaint is filed, but that "if the plaintiff shows good cause for the failure [to effect service], the court must extend the time for service for an appropriate period"). "Due process requires proper service of process for a court to have jurisdiction to adjudicate the rights of the parties." *O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 353 (6th Cir. 2003). It follows that "[a]ctual knowledge of a lawsuit does not substitute for proper service under Fed. R. Civ. P. 4." *Bridgeport Music, Inc. v. Rhyme Syndicate Music*, 376 F.3d 615, 623 (6th Cir. 2004). A party may file a motion challenging the sufficiency of service of process and a court may therefore dismiss a complaint for "insufficient service of process." Fed. R. Civ. P. 12(b)(5). "When service of process is challenged, the burden rests with the plaintiff to establish that service is properly made." *McGath v. Hamilton Local Sch. Dist.*, 848 F.Supp.2d 831, 836 (S.D. Ohio 2012).

*Darrah v. Krisher*, No. 2:12-cv-899, 2015 WL 196401, at *7 (S.D. Ohio Jan. 15, 2015).

The parties have presented this Court with little information on any attempted service on Greenville. Review of the docket indicates, however, that Penrose has never properly perfected service of a summons and complaint on Greenville and that he has never requested or obtained leave of Court to extend the time period during which service must be completed. Penrose's apparent election to simply send his pleadings to Greenville by ordinary mail is improper. It does not satisfy the requirements of either Federal Rule of Civil Procedure 4 or the applicable state laws for effectuating service. *See* Fed. R. Civ. P. 4(e) & (h); S.D. Ohio Civ. R. 4.2; Ohio

11

Civ. R. 4.1, 4.2, 4.3(B)(1), & 4.6(D).  Additionally, Penrose has failed to offer any substantive reason amounting to good cause to excuse the insufficient service.

Because dismissal without prejudice is warranted under Rule 12(b)(5), this Court need not and does not address Greenville's moot alternative arguments for dismissal of Penrose's claims.  The Court **GRANTS** Greenville's motion to dismiss.  (ECF No. 27.)

### III.   Conclusion

The Court **GRANTS** the motion to dismiss filed by Hyatt (ECF No. 25), **DENIES** the motions of The Carolina Center and Universal as moot (ECF Nos. 29, 36), **DISMISSES WITHOUT PREJUDICE** the claims against The Carolina Center and Universal, and **GRANTS** the motion to dismiss filed by Greenville (ECF No. 27).  The Clerk shall enter judgment accordingly and terminate this case on the docket records of the United States District Court for the Southern District of Ohio, Eastern Division.

**IT IS SO ORDERED.**

    /s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE